HOUSER v. ORANGEBURG COUNTY.

COUNTY SUPERINTENDENT OF EDUCATION—SALARY—TRAVELING EXPENSES—ORANGEBURG CO.—The acts, 22 Stat., 759, and 23 Stat., 107, providing a salary for superintendent of education for Orangeburg County and others, does not repeal section 1057, Rev. Stat., giving such officer one hundred dollars per annum for traveling expenses, and he is entitled to both salary and traveling expenses.

Before WATTS, J., November, 1900. Affirmed.

Claim of Edward H. Houser against Orangeburg County for traveling expenses as county superintendent of education. From Circuit order reversing decision of county board of commissioners and allowing the claim, the county appeals.

*Mr. Wm. C. Wolfe,* for appellant, cites: 20 Stat., 1114; 21 Stat., 492; 22 Stat., 156, 504, 759; 23 Stat., 107.

*Mr. Henry Brunson,* contra, cites: Rev. Stat., 1057; 21 Stat., 492; 22 Stat., 759.

February 19, 1901. The opinion of the Court was delivered by

MR. JUSTICE POPE. The sole question presented by this appeal is whether the plaintiff, as county superintendent of education for Orangeburg County, is entitled to the sum of $100 for traveling expenses for the fiscal year 1899, incurred by such officer in the discharge of his official duties, in addition to his salary of $600. It is admitted, therefore, that all the items in the account for such traveling expenses are correct.

The word "salary" is defined in Webster's International Dictionary as "Fixed regular wages, as by the year, quarter or month." When this word is used in connection with a public officer, it must be taken to embrace the fixed regular wages by the year, quarter or month, as established by public authority for such public officer as his compensation or wages earned by such officer by the discharge of the duties of his office. It does not include, in its definition, "traveling expenses." But an officer does not claim or base his claim to the payment of the expenses he may incur in traveling from place to place in the discharge of the duties of his office on provisions for paying a salary. This must depend upon the public authority which provides the salary, or wages, to be paid at fixed periods to a public officer. If such public

authority sees proper to make no provision for the payment of the traveling expenses of such public officer in the discharge of his official duties, such officer can lay no legal claim against the public for the payment of such expenses. The appellant here claims that no provision has been made for the payment of the traveling expenses of the plaintiff as county superintendent of education for Orangeburg County. We cannot agree with the appellant. We think the act relating to the salaries of these public officers, as found in section 1057 of vol. I. of the Revised Statutes of this State (1893), expressly provides that in addition to the salaries therein named, actual traveling expenses, not to exceed $100 in each year, may be paid such officials. It does not seem to us that the act of 1898, entitled "An act to fix the salaries of county superintendent of education of the several counties of the State" (sec. 22, Stat. at Large, 759), does any more than provide *for salaries* of such officials, and that only acts or parts of acts, previously enacted, which are inconsistent with this act, are repealed. This repeal does not affect the question of traveling expenses previously allowed to such officers. Nor do we think the act of 1899, entitled "An act to amend an act entitled 'An act to fix the salaries of the county superintendents of education of the several counties of this State,' so far as Orangeburg, Lexington, Marlboro, Chesterfield, Florence and Laurens Counties are concerned" (see 23 vol. Stat. at Large, p. 107), affects the question. It only changes the *salary* of the officer (plaintiff) from $500 to $600. After a careful review of all the legislation pertaining to this matter, we regard the conclusion of the Circuit Judge the proper one.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.